Tuesday, January 6, 2026

FILED-USDC-NDTX-DA
'26 JAN 6 am9:51
KM

Office of the Clerk/

Chief Justice John G. Roberts and Associate Members

Of The United States Supreme Court

1 First Street, NE

Washington, DC 20543-0001

and

In The United States District Court

Northern District of Texas

Dallas Division

David L. Horan, United States

Magistrate Judge

OBJECTIONS

Dear Chief Justice Roberts and Associate

Justices of The Supreme Court:

Re: Dunigan V. FBI, 2001 US

No. 3:25 – cv – 3312 – N – BN

Findings and recommendations on case Re: [3] complaint, filed by Juane Dunigan. The Court should dismiss the complaint with prejudice as frivolous. A copy of these findings, conclusions, and recommendation shall serve on all parties in the manner provided by law.

Any party who objects to any part of these findings. Conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. (Ordered by Magistrate Judge David L. Horan on 12/8/2025) (ndt)

Also, Re: Letter to Justices, No: 00M96

The papers pertaining to the above – entitled motion that were received December 2, 2025 are here with returned. The motion to direct the Clerk to file the petition out-of-time was denied June 11, 2001. This case is considered closed in this Court, and no further consideration by this Court is possible. By Scott S. Harris, Clerk, by Sara Simmons.

Based on Rule 60 (b) in Federal cases a Plaintiff can file a motion – A motion to reinstate or motion for relief from judgment – 1) A plain error occurred – Dismissal without Prejudice – Frivolous and 2) Misconduct by an opposing party that justifies relief (Civil Rights – 1st Amendment – Freedom of Speech – Quality and Quantity of Life temporarily impede (Brain Decoding) causing a delay to file claim.

The general purpose of the rule is to make an exception to finality when it is necessary for the purposes of justice.

Therefore, the Plaintiff states the claim is not "frivolous" but contained evidential certainty – evidence that are compelling, rational and credible.

Facts:

- We know from our own experience, a body without a head will not function. The head is the brains of the operation. The head runs the show – Truth. We know from experience … That a body depends on the head to function
- "What is the brain? The brain is a complex organ that controls thought, memory, emotion, touch, motor skills, vision, breathing, temperature, hunger and very process that regulates our body. Together, the brain and spinal cord that extends from it make up the Central Nervous System, or CNS." ("The Head of the Body Brain," Brain Anatomy and How the Brain Works, John Hopkins Medicine)
- Research saves lives – without research – at John Hopkins and at thousands of other universities, medical schools, and research institutions across the nation – scientific breakthroughs suffer, and the life saving treatments of tomorrow are at risk.
- Good Science V. Bad Science – "In fact, Neuroethics inquiry is growing academic pursuit that aims to answer fascinating questions about how the human brain contributes to humanness – as well as what to do with all the new knowledge pouring out of laboratories across the world."

In each scenario, we can imagine a better future as a result of neuroscience: Happier consumers, more efficient and safer combat, a smarter and more morally competent citizenry, better educational methods and tools, and fairer legal outcomes. But in each of

these scenarios, we can also see potential for harm: Wrongful convictions based on inaccurate brain science; Invasions of privacy; Inadequate consumer protections; and development of inappropriate duel uses in military settings. (Brain 2.0 Neuroethics: Enabling and enhancing neuroscience advances for society', NIH - National Institute of Health – The Brain Initiative's Strategic Plan – The Brain 2025 Report – Outlined June 2014, Advisory Committee to the National Institutes of Health Director (ACD)).

Clarifications, with the corroboration of the research and example the Plaintiff's evidence is solidified. The evidence is overwhelming.

The story hasn't changed overtime and the Plaintiff have no reason to lie. Even though the accounts are different and research, they all line up and come to the same conclusion.

A touchpoint corroboration – All corroborative evidence is simply touchpoint corroboration – A bunch of touchpoint evidence that builds a strong cumulative case for the reliability of the U.S. Constitution and Claim.

Also, internal evidence (The correct description of proper names, government structure and cultural setting) substantiates some limited aspect of Plaintiff's accounts, this should be seen as a significant step toward corroboration and a "Fair and Favorable" verdict in favor of the Plaintiff.

In conclusion, "Their legacy lives in every courtroom where fairness still matters, in every judgment that protects the vulnerable, in every decision that chooses justice over convenience, they proved that when the moment comes, when history calls, when justice hangs in the balance, the right answer is always the same: 'Here I Stand'". These Justices (Thurgood Marshall, Ruth Ginsburg, etc.) they changed the world, one judgment at a time. And in doing so, they changed what it means to be judge forever.

They persevered because they knew that justice delayed is justice denied, that courage is contagious, and that the arc of history bends toward justice – But only when brave people bend it.

Now, I asked that you, the Judge, to view the evidence and return with a "reasonable" verdict in favor of the Plaintiff and restore the Plaintiff's normalcy of Life where the Plaintiff can pursue Life, Liberty and the Pursuit of Happiness, with "All Deliberate Speed".

Sincerely,

Juane Dunigan, Plaintiff

-   A call to action: A rallying cry – the promise of self governance – To the Rule of Law, concluding that independence was the path to true freedom. ("Common Sense" by Thomas Paine, pamphlet)


-   "Ultimate sacrifice in defense of freedom in that conflict – World War II Memorial on the National – A beautiful monument honoring the service of the 16 million American who served in uniform and more than 400,000 Patriots …" (May 2004, President George W. Bush had formally dedicated, December 2025)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUANE THEA DUNIGAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3312-N-BN |
| | § | |
| FEDERAL BUREAU OF | § | |
| INVESTIGATION, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Without paying the statutory filing fee, Plaintiff Juane Thea Dunigan filed a complaint *pro se* against the Federal Bureau of Investigation that appears to be seeking reconsideration of a Supreme Court order from June 11, 2001, denying Dunigan's motion to file an untimely petition for writ of certiorari. *See* Dkt. No. 3. Senior United States District Judge David C. Godbey referred Dunigan's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice as frivolous.

### Discussion

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be

granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

A review of Dunigan's filing reflects that the complaint presents claims and allegations that qualify as clearly baseless, irrational, or wholly incredible, requiring dismissal with prejudice. Her claims relate to government mind control through electronic devices. *See* Dkt. No. 3 at 7, 9-10. And the complaint appears to be a motion seeking reconsideration of the Supreme Court's 2001 decision to deny Dunigan's motion to file an untimely petition for writ of certiorari appealing a 2001 decision of the Sixth Circuit Court of Appeals. *See id.* at 4-6.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Dunigan has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be

inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Dunigan could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### Recommendation

The Court should dismiss the complaint with prejudice as frivolous.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2025

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE